IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ANTHONY CAIRNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No.  4:23-CV-00698 |
| GREENVILLE BETHANY CORNER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendant, GREENVILLE BETHANY CORNER, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's GREENVILLE BETHANY CORNER, LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3.     Plaintiff is disabled as defined by the ADA.

4.     Plaintiff is required to traverse in a wheelchair and is substantially limited in

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, GREENVILLE BETHANY CORNER, LLC (hereinafter "GREENVILLE BETHANY CORNER, LLC") is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, GREENVILLE BETHANY CORNER, LLC, may be properly served with process via its registered agent for service, to wit:  c/o Vicki Thornton Redden, Registered Agent, 10300 North Central Expy., Suite 325, Dallas, TX  75231.

## FACTUAL ALLEGATIONS

9.      On or about August 11, 2020, Plaintiff was a customer at "El Grande Burrito," a business located at 801 S. Greenville Ave, Allen, TX 75002, referenced herein as "El Grande Burrito".  *See* Receipt attached as Exhibit 1.  *See* also photo of Plaintiff attached as Exhibit 2.

10.     On or about July 20, 2023, Plaintiff revisited El Grande Burrito as a customer and advocate for the disabled.  *See* Receipt attached as Exhibit 3.  *See* also photo of Plaintiff attached

as Exhibit 4.

11.     Defendant, GREENVILLE BETHANY CORNER, LLC, is the owner or co-owner of the real property and improvements that El Grande Burrito is situated upon and that is the subject of this action, referenced herein as the "Property."

12.     Defendant, GREENVILLE BETHANY CORNER, LLC, as property owner, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property.  Even if there is a lease between Defendant, GREENVILLE BETHANY CORNER, LLC, and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and he tenant and does not abrogate the Defendant's requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.  *See* 28 CFR § 36.201(b).

13.     Plaintiff's access to the restaurant located at 801 S. Greenville Ave, Allen, TX 75002, Collin County Property Appraiser's property identification number 1755023 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

14.     Plaintiff lives 15 miles from the Property.

15.     Plaintiff has visited the Property twice before as a customer and advocate for the disabled.  Plaintiff intends to revisit the Property within six months after the barriers to access detailed in this Complaint are removed and the Property are accessible again.  The purpose of the revisit is to be a return customer, to determine if and when the Property is made accessible and to

maintain standing for this lawsuit for Advocacy Purposes.

16.     Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

17.     Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered barriers to access at the Property, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

18.     Although Plaintiff did not personally encounter each and every barrier to access identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the complaint in a subsequent visit as, for example, one accessible parking space may not be available and she would need to use an alternative accessible parking space in the future on her  subsequent visit.  As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury on a future visit.

19.     Plaintiff's inability to fully access the Property and the stores within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

21.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing

discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.    The Property is a public accommodation and service establishment.

26.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

28.    The Property must be, but is not, in compliance with the ADA and ADAAG.

29.    Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or

6

accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.    Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.    Defendant, GREENVILLE BETHANY CORNER, LLC, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32.    Defendant, GREENVILLE BETHANY CORNER, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, R GREENVILLE BETHANY CORNER, LLC, is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

33.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities,

privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     Near Unit 119, the accessible parking space is not level due to the presence of an accessible ramp in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)    Near Unit 119, the accessible curb ramp is improperly protruding into the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii)   Near Unit 119, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv)    Near Unit 119, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(v)     Near Unit 113, the accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(vi)    Near Unit 108, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4

of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii)    Near Unit 108, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(viii)   Near Unit 108, there is a vertical rise exceeding ¼ inch at the base of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(ix)     The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(x)      The Property has an inadequate number of accessible parking spaces in violation of section 208.2 of the 2010 ADAAG Standards.  Thee are 187 total parking spaces serving the Property, but there are only five (5) accessible parking spaces present, when there should be six (6) accessible parking spaces.  This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xi)     Outside of El Grande Burrito, due to a policy of placing a large picnic table in the exterior access route, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This

violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(xii)    Outside of El Grande Burrito, due to a policy of placing a large picnic table in the exterior access route, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(xiii)    In El Grande Burrito, there is not at least 5% (five percent) of the dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of section 226.1 of the 2010 ADAAG standards.

(xiv)    In El Grande Burrito, the bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation would make it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xv)    In El Grande Burrito, there are sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation would make it difficult for Plaintiff to properly transact business at the Property.

(xvi)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**EL GRANDE BURITTO RESTROOMS**

(i)     The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii)    The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii)   Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation would make it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(v)     The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is less than 36 inches in length. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

34.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

35.     Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

36.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37.      All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

38.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, GREENVILLE BETHANY CORNER, LLC, has the financial resources to make the necessary modifications since the Property is valued at $3,122,100.00 according to the Property Appraiser website.

40.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

41.     Upon information and good faith belief, the Property have been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with

the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, GREENVILLE BETHANY CORNER, LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, GREENVILLE BETHANY CORNER, LLC.

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, GREENVILLE BETHANY CORNER, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, GREENVILLE BETHANY CORNER, LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, GREENVILLE BETHANY CORNER, LLC, in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant, GREENVILLE BETHANY CORNER, LLC, from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant, GREENVILLE BETHANY CORNER, LLC, to (i) remove the physical barriers to access and (ii) alter the

subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

Dated: August 1, 2023.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS